# STATE OF MICHIGAN

# COURT OF APPEALS

LESLEY POUNDERS, Guardian for AARON
CHRISTOPHER POUNDERS,

Plaintiff-Appellant,

v

ALI FAWAZ,

Defendant/Cross-Plaintiff,

and

ALFA ENTERPRISES, INC.,

Third-Party Plaintiff,

and

BARRICK ENTERPRISES, INC., VEGAS
MARKET, and CHASE CASH & CARRY, INC.,

Defendants,

and

ABBAS DAHBER and H&A MART, INC.,

Defendants/Cross-
Defendants/Third-Party Defendants,

and

JONATHAN R. MARKO,

Appellee.

UNPUBLISHED
August 21, 2018

No. 338348
Wayne Circuit Court
LC No. 14-004770-NO

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

-1-

PER CURIAM.

Plaintiff Lesley Pounders, guardian for Aaron Christopher Pounders, appeals as of right an order denying her motion to terminate the equitable lien asserted by nonparty Jonathan R. Marko against the proceeds of her settlement with defendants. Because Marko is not entitled to an equitable lien, we reverse.

## I. BACKGROUND

Plaintiff retained Rasor Law Firm PLLC (Rasor Law) to represent her in a personal-injury lawsuit against defendants brought on behalf of her minor son. Marko was employed by Rasor Law under an employment agreement, the terms of which are now disputed, and provided some work on plaintiff's case. Marko left Rasor Law prior to any resolution in the case. After Marko's departure, Rasor Law aided plaintiff to a settlement with defendants, the terms of which are not at issue in this appeal.

Rather, this appeal concerns an equitable lien Marko placed on the proceeds of plaintiff's settlement. When Rasor Law challenged the lien, Marko argued that his pre-resignation work on the case entitled him to a share of the fees Rasor Law earned from plaintiff's settlement and that Rasor Law unlawfully withheld plaintiff's share. Over Rasor Law's objection, the trial court ruled that Marko held a 25% lien on the net attorney fees to be paid to Rasor Law. The trial court reasoned that an equitable lien can be imposed on an identifiable piece of property that the parties intended to be security for a debt and concluded that Marko and Rasor Law had such an agreement and that the agreement gave rise to a lien on the settlement funds in favor of Marko. Rasor Law, in a motion filed in plaintiff's name, moved for reconsideration of the trial court's ruling, but the motion was denied.

This appeal followed.

## II. ANALYSIS

"Whether a lien is authorized in a particular case is a question of law" that we review de novo. *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 281; 761 NW2d 761 (2008). "Generally, an equitable lien arises from an agreement that both identifies property and shows an intention that the property will be security for an obligation." *In re Estate of Moukalled*, 269 Mich App 708, 719; 714 NW2d 400, 407 (2006). "In the absence of a written contract, an equitable lien will be established only where, through the relations of the parties, there is a clear intent to use an identifiable piece of property as security for a debt." *Id*. (internal citation and quotation marks omitted). "An equitable lien cannot be imposed, however, if the proponent has an adequate remedy at law." *Id*.

The crux of the instant dispute is Marko's claim that Rasor Law has not paid him the fees he was entitled to under his employment agreement with the firm. Marko, in other words, alleges that Rasor Law breached its contract with Marko. Yet, instead of seeking the fees in a breach-of-contract suit against Rasor Law, Marko attempted to recover the fees through an equitable lien in the underlying personal-injury suit, a case to which neither he nor Rasor Law is a party. Because Marko could sue Rasor Law for breach of contract and, if he prevailed, obtain the same relief he seeks here—an order requiring Rasor Law to pay him a percentage of the

attorney fees it collected in this case—Marko has an adequate legal remedy which precludes him from obtaining an equitable lien.

Marko insists that his legal remedy is not adequate because litigation would be difficult, long, and expensive. Yet, the underlying contract dispute requires resolution whether it is addressed in the context of a breach-of-contract suit or an action for an equitable lien. And the difficulty of the issue favors resolution in a separate suit as opposed to grafting the costs and delays onto plaintiff's case. Marko also argues that Rasor Law's "solvency issues" preclude Marko from obtaining an adequate legal remedy. See *In re Estate of Moukalled*, 269 Mich App at 719. Yet, while Marko presented evidence of Rasor Law being unable or unwilling to pay certain bills, Marko presented no evidence that Rasor Law is insolvent. Rather, Rasor Law's participation in this and other cases indicates that it is a functioning enterprise. Accordingly, Marko has not shown that his remedy at law is inadequate. Therefore, we reverse the trial court's approval of an equitable lien on plaintiff's settlement. Given our conclusion that Marko is not entitled to an equitable lien, we need not address Marko's other argument that the trial court improperly interpreted the terms of Marko's employment agreement with Rasor Law.

On a final note, this case is just one of several similar attorney-fee disputes between Marko and Rasor Law that have been litigated in this Court. See, e.g., *Hedrick v Dep't of Corrections*, unpublished per curiam opinion of the Court of Appeals, issued December 12, 2017 (Docket No. 335489); *Barash v Yaldo*, unpublished per curiam opinion of the Court of Appeals, issued December 12, 2017 (Docket No. 332705); *Ford v Woodward Tap, Inc*, unpublished per curiam opinion of the Court of Appeals, issued December 7, 2017 (Docket No. 332473); *Joe v Kearn*, unpublished per curiam opinion of the Court of Appeals, issued December 12, 2017 (Docket No. 333643). Indeed, this is not the only attorney-fee dispute before the immediate panel. In Docket No. 338474, we conclude that Rasor Law is entitled to a charging lien against the proceeds of a settlement by one of Rasor Law's former clients that took his case to Marko's new law firm, Ernst & Marko, after Marko's resignation from Rasor Law. While this result may seem inequitable in light of our conclusion in this case that Marko is not entitled to an equitable lien against the proceeds of a settlement by one of Rasor Law's clients, the analysis supporting these different conclusions is rather straightforward and has been consistently applied by this Court in each dispute Marko and Rasor Law have brought before it.

In the context of these disputes, Rasor Law's entitlement to attorney fees results from its previous contractual relationship with a client. In each of these cases, the client had an initial retainer agreement with Rasor Law. When the client discharged Rasor Law, Rasor Law obtained a right to recovery from the client, making a charging lien on the client's settlement the appropriate remedy. Marko's purported entitlement to attorney fees, however, results from his previous employment relationship with Rasor Law. Because no contractual relationship existed between Marko and the clients that remained with Rasor Law, Marko has no right of recovery against those clients. Rather, Marko's right of recovery is against Rasor Law for allegedly breaching its employment agreement with Marko. Because this right may be vindicated in a breach-of-contract suit against Rasor Law, Marko has an appropriate legal remedy that renders inappropriate an equitable lien on the client's settlement.

Reversed and remanded for entry of an order terminating Marko's lien. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly